THE STATE OF OHIO, APPELLEE, *v.* LAWSON, APPELLANT.

[Cite as State v. Lawson, 9 Ohio App. 2d 129.]

(No. 10012—Decided November 14, 1966.)

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Donald G. Montfort,* for appellee.

*Mr. Isaac Newton Lawson, Jr., in propria persona.*

HOVER, J. Appellant brings his case to this court as an appeal on questions of law from the judgment of the court below denying his petition for a postconviction review of his sentence on constitutional grounds. The judgment of the court below recites the petition to be not well taken after an examination of the files and records of the case.

The petition alleges numerous grounds for claimed relief. This court is concerned at this time with only one.

It is assigned as an error that the trial court erred in denying the petition to vacate without permitting an evidentiary hearing thereon. The petition alleges, among other things, that at the hearing of the case below at which the defendant pleaded guilty, his counsel stated to him, "If we fight it I am certain of your conviction and imprisonment however, I have made arrangements for your placement on bench probation on condition that not guilty plea be withdrawn with the entering of guilty plea to a lesser charge." The petition alleges that on the same day witnesses were also told by counsel that "he was entering a plea of guilty to a misdemeanor and that arrange-

ments had been made for petitioner to receive bench probation.''

The postconviction law provides in Section 2953.21 of the Revised Code, in part: ''Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto.''

Petitioner's allegation relative to the alleged representations of counsel made to induce a plea of guilty would, if true, be a violation of his constitutional right to be represented by counsel at the trial and, also, if true, would require the court considering the petition to grant the relief prayed for. Attention is called to the case of *State* v. *Williams*, 8 Ohio App. 2d 135, which was decided on October 25, two days before this case was argued. It holds, as we do:

''1. Where a petition for a postconviction remedy under Section 2953.21, Revised Code, alleges grounds for relief, and the record of the original criminal prosecution does not fully rebut the allegations, the petitioner is entitled to an evidentiary hearing in which he is provided an opportunity to prove his allegations.

''2. Where the Common Pleas Court holds a hearing on a petition for postconviction relief under Section 2953.21, Revised Code, the court must make findings of fact and conclusions of law.''

See, also, *Birk* v. *Bennett* (Iowa), 141 N. W. 2d 576.

Accordingly, the judgment of the lower court is reversed and the cause remanded for an evidentiary hearing to be conducted as provided by the statute upon those alleged deprivations of constitutional rights, which cannot be fully determined by an examination of the files and records of the case.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.