**Theodore R. ALLEN, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent, Respondent-Appellee.**

**No. 19692.**

United States Court of Appeals, Sixth Circuit.

April 7, 1970.

---

12. 2 U.S.Cong. and Admin.News, 1966, at p. 3004.

13. Parden v. Terminal Ry., 377 U.S. at 200, 84 S.Ct. at 1217.

Ronald P. Raitt, Toledo, Ohio, for petitioner-appellant.

Leo J. Conway, Columbus, Ohio, for respondent-appellee; Paul W. Brown, Atty. Gen., Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, on the brief.

Before PHILLIPS, Chief Judge, and COMBS and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

This is a habeas corpus case in which the petition was filed in the District Court on September 24, 1968. On that same day the District Judge entered a show cause order requiring the Superintendent of the Marion Correctional Institution, Marion, Ohio, to show cause on or before October 14, 1968, why the writ should not be issued. On October 11, 1968, an Assistant State Attorney General of Ohio addressed a request to the District Judge for an extension of time to file a return.

As a basis for the request for extension of time, it was pointed out that the Office of the Attorney General then had 137 habeas corpus cases pending in the United States District Court in the Southern District of Ohio; 52 in the United States District Court for the Northern District of Ohio; 36 in the Supreme Court of the United States; 14 in the United States Court of Appeals for the Sixth Circuit; and numerous cases pending in the State Courts of Ohio.

On October 18, 1968, the District Judge declined to grant any extension of time, holding in a published opinion that he has no authority to do so under 28 U.S.C. § 2243. Allen v. Perini, 291 F.Supp. 144 (N.D. Ohio). The return to the show cause order was filed on October 21, 1968, three days after the decision of the District Judge and seven days after the expiration of the time limit prescribed by the show cause order.

Thereafter, on February 20, 1969, court-appointed counsel moved for judgment on the pleadings or default judgment, on the ground of the tardiness of the office of the Attorney General in filing the return. In the alternative, counsel moved for an evidentiary hearing. On June 5, 1969, although accepting as true the allegations of the petition for habeas corpus, the District Judge on his own motion dismissed the petition for failure to exhaust State remedies.

This appeal presents difficult questions as to the effect of failure of State officials to file a timely return to the petition for writ of habeas corpus and show cause order. We deal with the following questions:

1. Is the prisoner entitled to a default judgment and release without an evidentiary hearing?

2. After default in the return, did the District Judge have the power to dismiss the petition sua sponte for failure to exhaust State remedies?

3. If so, has this prisoner exhausted all State remedies available to him in State courts under the holding of the Supreme Court of Ohio in State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, and the decision of this Court in Coley v. Alvis, 381 F.2d 870 (6th Cir.)?

4. Did the District Court err in issuing a show cause order the same day the petition was filed, when the petition contained on its face all the information considered by the District Court in dismissing the petition sua sponte?

5. Was the prisoner entitled to a hearing on the revocation of his parole and refusal to grant parole?

#### 1) No right to release from custody by default judgment

Petitioner-appellant Allen was indicted by the grand jury of Wayne County, Ohio, on a charge of second degree murder. On September 1, 1966, with the assistance of counsel, he entered a plea of guilty to manslaughter, a lesser included offense under § 2901.06, Ohio Revised Code. He received an indeterminate sentence of one to 20 years and presently is confined in the Marion Correctional Institution.

In his petition for writ of habeas corpus Allen avers that he was coerced into signing an incriminating statement during interrogation in the absence of counsel; that the incriminating statement was obtained "without having met the standards enunciated by the Supreme Court;" and that a threat was made if he did not enter a plea of guilty to manslaughter, his statement would be used against him at trial. Allen's pro se petition, when construed liberally, Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, charges that he was interrogated without being informed of his constitutional right to counsel, and in the absence of counsel was coerced into signing an incriminating statement and into pleading guilty to manslaughter. While the petition does not contain the express words, in effect it charges ineffective assistance of counsel, resulting in an involuntary plea of guilty.

■ Allen contends that he is entitled to default judgment and immediate release because of the failure of State officials to make a timely return. We reject this contention. 28 U.S.C. § 2241 (c) (3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "The court shall summarily hear and determine the *facts,* and dispose of the matter as law and justice require." (Emphasis supplied.) In Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770, the Court said:

"State prisoners are entitled to relief on federal habeas corpus only upon *proving* that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." (Emphasis supplied.)

In Patterson v. State, 49 N.J.L. 326, 8 A. 305 (Sup.Ct.), *aff'd,* 50 N.J.L. 421, 14 A. 125 (Ct. Err. & App.), the Court of Errors and Appeals of New Jersey said:

"But the mere failure of such custodian to return a warrant, or the fact that his return is imperfect, does not operate to discharge the prisoner. The recognition of such a rule would place in the hands of negligent or corrupt jailors the power to empty a penitentiary." Id. at 307.

■ The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. Jones v. Russell, 396 F.2d 797 (6th Cir.); Gray v. Johnson, 354 F.2d 986 (6th Cir.). The failure of State officials to file a timely return does not relieve the prisoner of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings. We conclude that the failure of the Office of the Attorney General of Ohio to file a timely return does not afford a basis for *instanter* relief. Despite the delinquency of the State, the District Court was obligated to decide the case on its merits. McGuffey v. Turner, 267 F.Supp. 136 (D. Utah); cf. Taylor v. United States, 282 F.2d 16, 23–24 (8th Cir.). We conclude that in spite of the untimeliness of the State's return, the District Court would have no power to grant the writ of habeas corpus in the absence of an evidentiary hearing and unless and until the averments of the petition have been proved by competent evidence.

■■ Allen relies upon Rule 55(a), Fed. R. Civ. P. in support of his claim for default judgment. Rule 81(a) (2), Fed. R. Civ. P. provides for only limited application of these rules to habeas corpus proceedings. We hold that Rule 55 (a) has no application in habeas corpus cases and that the return to a petition for habeas corpus is not an answer within the meaning of Rule 12.

### 2) Dismissal sua sponte

Allen further asserts that the failure of State officials to file a timely return precluded the District Court from dismissing the petition sua sponte for failure to exhaust State remedies. We also reject this contention.

28 U.S.C. § 2254(b), (c) provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

■ If at any time during the course of a habeas corpus proceeding the

District Court finds that the prisoner has not exhausted the remedies available to him in the courts of the State, the petition should be dismissed. We hold that the power of the District Court to dismiss on this ground is not affected by a delay on the part of State officers in filing the return to the petition.

### 3) Exhaustion of State remedies

Next we come to the question of whether the District Court was correct in holding that Allen has not exhausted remedies available to him in the Courts of Ohio.

It is axiomatic that a petition for writ of habeas corpus will not be granted unless State remedies have been exhausted, as provided by 28 U.S.C. § 2254(b) and (c) quoted above.

In Lucas v. People of the State of Michigan, 420 F.2d 259 (6th Cir., 1970), this Court said:

> "However, the exhaustion requirement is not absolute. See Coleman v. Maxwell, 351 F.2d 285 (6th Cir.); Saulsbury v. Green, 347 F.2d 828 (6th Cir.), cert. denied, 382 U.S. 882, 86 S.Ct. 173, 15 L.Ed.2d 122. Where there are circumstances rendering the State corrective process ineffective to protect a prisoner's rights, habeas corpus relief may be granted without requiring a futile exhaustion of remedies. Duke v. Wingo, 386 F.2d 304 (6th Cir.). Such circumstances were found to exist where the state court had ruled contrary to the petitioner's contentions, when there was no indication that the court was prepared to depart from its former course of decisions. Coleman v. Maxwell, *supra*, Rowe v. Peyton, 383 F.2d 709, 711 (4th Cir., sitting en banc), aff'd, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 420; Evans v. Cunningham, 335 F.2d 491 (4th Cir.)."

Ohio has a post conviction statute providing for remedies in State courts. Ohio Revised Code § 2953.21 et seq. Allen filed a petition under that statute in the Court of Common Pleas of Wayne County, Ohio. His petition in the State Court was based upon the same grounds which are asserted in the present case. His petition was dismissed by the State court without an evidentiary hearing on authority of the decision of the Supreme Court of Ohio in State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104. Allen did not appeal from the decision of the Court of Common Pleas.

In Coley v. Alvis, 381 F.2d 870 (6th Cir.), an Ohio prisoner sought a writ of habeas corpus, alleging among other things that his plea of guilty was involuntary and obtained under duress and that his court-appointed counsel was incompetent. This Court held that, under the narrow limits placed upon the Ohio post-conviction statute by the Supreme Court of that State in State v. Perry, there was no longer any effective State remedy under that statute available for the petitioner to exhaust.

In the present case the State contends that Allen was required to exhaust his state remedy of appeal from the dismissal of his State court post conviction remedy. We are convinced that an appeal would be futile under the decision of the Supreme Court of Ohio in State v. Perry, as construed by this Court in Coley v. Alvis.

The State contends that the post conviction relief available to Allen is broader than indicated by the Supreme Court of Ohio in State v. Perry, citing State v. Lawson, 9 Ohio App.2d 129, 223 N.E.2d 377; 12 Ohio St.2d 9, 230 N.E.2d 650. This Court would prefer strongly to agree with the contention of the State on this point. It would be highly desirable for Ohio prisoners to have all the relief available in the State courts of Ohio that is available by federal habeas corpus. The judges of this Court as well as the United States District Judges of Ohio would prefer that these issues be determined by State courts, as contemplated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. This Court would welcome an opportunity to hold that Coley v. Alvis, is no longer applicable in Ohio. We have been cited to no decision, however, that convinces us that

the Supreme Court of Ohio did not mean what it said in State v. Perry. We therefore are compelled to adhere to our decision in Coley v. Alvis and hold that Allen, petitioner herein, was not required to appeal from dismissal of his State post-conviction action as a prerequisite to pursuing his remedy in the District Court in the present case.

The State further contends that Allen was required to exhaust his remedy of filing a delayed appeal from his conviction. Section 2953.05 of the Ohio Revised Code provides for an appeal as a matter of right within 30 days after conviction. After the expiration of the 30 day period an appeal may be perfected by leave of the court to which the appeal is taken.

 This Court has held that a prisoner who was convicted on a plea of not guilty must exhaust his right of delayed appeal, as well as his remedies under the Ohio post conviction act, before being permitted to seek federal habeas corpus relief. Bussey v. Maxwell, 362 F.2d 973 (6th Cir.); Rollins v. Haskins, 348 F.2d 454 (6th Cir.), cert. denied, 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. See also Terrell v. Perini, 414 F.2d 1231 (6th Cir.).

 In the present case, however, the petitioner was convicted on his plea of guilty, as was the petitioner in Coley v. Alvis. The petitioner in Coley v. Alvis had not undertaken a delayed appeal from conviction on his plea of guilty, nor has the petitioner in the present case. We are cited to no decision of the Ohio appellate courts in which a defendant who entered a plea of guilty in the trial court has been granted a delayed appeal. We therefore adhere to our decision in Coley v. Alvis as to this aspect of the case. We disagree with the conclusion to the contrary expressed in Knox v. Maxwell, 277 F.Supp. 593 (N.D.Ohio), and French v. Green, 264 F.Supp. 922 (N.D. Ohio).

Our decision in respect to delayed appeals is expressly limited to cases where the prisoner was convicted on a plea of guilty and later asserts violation of constitutional rights in connection with his plea of guilty. It is re-emphasized that prisoners convicted on a plea of not guilty must exhaust their remedy of delayed appeal under § 2953.05 as well as their remedies under the Ohio post conviction statute, § 2953.21, et seq. as a prerequisite to seeking relief by federal habeas corpus.

We therefore reverse the decision of the District Court dismissing the petition for failure to exhaust State remedies and remand the case for an evidentiary hearing.

### 4) The show cause order and the return

 The District Court from which the present appeal is taken has made it a practice to issue a show cause order immediately upon the filing of a petition for writ of habeas corpus. In the present case the show cause order was issued the same day the petition was filed. Except for this procedure this Court would not be faced with some of the troublesome issues presented on this appeal. We disapprove the practice of issuing a show cause order until after the District Court first has made a careful examination of the petition.

After issuing the show cause order and ruling that it could not grant an extension of time beyond 20 days, the District Court proceeded without considering the State's return to dismiss the petition on the ground that the petitioner has failed to exhaust his State court remedies. We think the problem in this case does not give rise to the question of whether the District Court possesses power to extend the time beyond 20 days. This Court expressly reserves a decision on that question. The problem is whether the District Court committed error or abused its discretion in issuing a show cause order as to a petition which it subsequently dismissed for failure to exhaust, without consideration of the State's return. In other words, where a petition in the opinion of the District Court shows on its face that the petitioner is not entitled to the relief sought,

should the Court issue a show cause order?

 The governing statute, 28 U.S.C.A. § 2243 provides in pertinent part:

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" (Emphasis supplied.)

Under this provision the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return. Higgins v. Steele, 195 F.2d 366 (8th Cir.); Farley v. Skeen, 113 F.Supp. 736 (D.C. W.Va.), appeal dismissed, 208 F.2d 719 (4th Cir.). Such procedure is most peculiarly applicable where, as here, the District Court can take judicial notice that the responding office of the State Attorney General is understaffed and overloaded with work. 291 F.Supp. at 146.

 Our conclusion as to the propriety of issuing the show cause order is unaffected by the fact that we have disagreed with the determination of the District Court that petitioner failed to exhaust his State remedies. This is so because the District Court did not consider the State's return. In dismissing the petition the District Court considered nothing except the petition itself. The District Court thus could have made its determination without issuing the show cause order inasmuch as the petition on its face showed (1) that the conviction was pursuant to a plea of guilty, (2) that no appeal was taken from this proceeding, and (3) that a proceeding had been initiated in the Wayne County Court of Common Pleas under the Ohio post conviction statute, and no appeal had been

taken from the adverse decision of that court. Although the Court's memorandum and order of dismissal do not specify the precise reasons for the holding of failure to exhaust, there are only two possible grounds: (1) either the remedy of delayed appeal had not been pursued, or (2) no appeal was taken from the determination of the Wayne County Court of Common Pleas. If either of these were deemed by the District Court to be grounds precluding it from granting relief, they appeared on the face of the petition. It therefore was inappropriate to issue a show cause order.

No present day court can be unaware of the tremendous increase in the volume of habeas corpus petitions in both State and Federal Courts that has taken place in recent years. Although the Superintendent of the State Correctional Institution is the named respondent, all State habeas corpus actions filed by Ohio prisoners are defended by the Office of the State Attorney General. In the present case the motion of the Assistant Attorney General stated that:

"In the past every effort has been made to comply with orders to show cause within the allotted time and in every case where this was not possible court aides have been notified and verbal extensions have been granted."

 The public interest may be affected seriously by habeas corpus actions. Although this case primarily involves the constitutional rights of the prisoner, the public has a right of protection against the release of convicted criminals except where violations of constitutional rights have been established. The public has a right to be represented by counsel, who in this case is the Office of the State Attorney General.

An undiscriminating and automatic issuance of show cause orders by a District Judge immediately after the filing of all petitions for writ of habeas corpus could create an impossible bottleneck in the office of a State Attorney General. Under the present day practice of filing petitions by prisoners acting on their

own behalf, or through "jail house" lawyers, a neatly organized flood of well-phrased petitions could be filed on the same day.

■■■ We are aware, however, that many habeas corpus petitions are filed pro se by those unlettered in the law, and are not artfully drawn. By our disposition of this case we do not intend to depart in any way from the salutary rule that such petitions are to be liberally viewed with tolerance and forebearance. Darr v. Burford, *supra*, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Price v. Johnston, *supra*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. Whenever a State return will constribute to the resolution of issues and the achieving of justice, a show cause order should issue.

Under the circumstances we vacate the show cause order of the District Court. On remand the Court may issue a new show cause order, allowing a period of 20 days for filing the return, or in his discretion, the District Court may treat the return previously filed by the State Attorney General as timely filed to the new show cause order.

### 5) Revocation of parole

■ A final question is whether Allen was entitled to a hearing on the revocation of his parole and refusal to grant parole. This issue is foreclosed adversely to petitioner by the decision of this Court in Rose v. Haskins, 388 F.2d 91 (6th Cir.). See also Barnhart v. Maxwell, 2 Ohio St.2d 308, 310, 208 N.E.2d 752.

■ In the present case the record discloses that Allen was paroled in August 1967 but was declared to be violator of the conditions of his parole on October 26, 1967, for the following reasons: (1) drinking excessively and thereby violating the special condition of his parole, (2) associating with a person with a criminal record, (3) violating the laws of the State of Ohio by participating in gambling, and (4) threatening to kill. He was reconsidered for parole on December 15, 1967, and at that time continued until November 1972. Allen contends

that these actions resulted in cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States. We find this contention to be without merit.

The show cause order and the order dismissing the petition are vacated and the case is remanded to the District Court for further proceedings in conformity with this opinion. Upon remand the District Court is directed to conduct an evidentiary hearing upon the merits of the petition. The District Court may issue a new show cause order as hereinabove provided. In any event the District Court is directed to permit the representative of the State Attorney General to participate in the evidentiary hearing as attorney for respondent.

The appreciation of the Court is expressed to Mr. Ronald P. Raitt of the College of Law of the University of Toledo for his services as court-appointed counsel for petitioner in the District Court and in this Court.

Vacated and remanded.