**Daniel EVANS, Petitioner,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. 19409–4.**

United States District Court,
W. D. Missouri, W. D.

May 27, 1971.

Daniel Evans, pro se.

J. Michael Jarrad, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner who is currently confined in the Missouri State Penitentiary at Jefferson City, Missouri, seeks leave to file in forma pauperis a petition for writ of habeas corpus. Leave to proceed in forma pauperis is hereby granted.

Petitioner states that he was convicted and sentenced in the Circuit Court of St. Louis, Missouri, following his guilty plea to charges which petitioner does not specify herein. Petitioner states that he did not appeal the judgment of conviction or the imposition of sentence. Petitioner states, however, that he has presently pending in the Circuit Court of St. Louis, Missouri, a motion under Missouri Rule 27.26, V.A.

M.R., to vacate sentence and to set aside the judgment of conviction.

In the present case, petitioner does not challenge the validity of his state conviction and sentence. Rather, petitioner sets forth certain allegations relating to the revocation of his state parole by the Missouri Board of Probation and Parole. Petitioner alleges the following:

"Heretofore and on December 22, 1970, your petitioner was illegally and unconstitutionally arrested for an alleged violation of the rules legislated by the Missouri Board of Probation and Parole, governing those who have been granted parole from the Missouri Department of Corrections.

"On or about January 4, 1971, your petitioner was returned to the Missouri Department of Corrections for a parole revocation hearing which was held on February 9, 1971. Shortly thereafter, petitioner was returned to an inmate status as the results of that unconstitutional revocation proceeding in which his constitutional rights were violated in the following manner:

(1) Petitioners arrest, upon a warrant issued by an agent of an administrative body of the Board of Probation and Parole, which is a Division of the Department of Correction who is without judicial or legislative power, to authorize a parole officer to issue warrant, for the arrest of a parolee, with or without cause, and no probable cause, and then force a parolee to submit to unconstitutional restraint and confinement, although no law of the state, town, city, county, etc. has been violated, and further deprive alleged parole violator of his liberty, by holding him without bond, on the assumption of an agent of the Board of Probation and Parole;

(2) Petitioners constitutional rights were further violated in that he was denied effective representation of counsel;

(3) Petitioner was denied the right of confrontation;

(4) Petitioner was denied the right to examine witnesses under oath;

(5) Petitioner was denied subpoena power during parole revocation hearing;

(6) The revocation hearing was not open to the public;

(7) Petitioner's background and record was discussed outside this presence;

(8) Petitioner was forced to testify against himself, alone, before the Board. Said testimony was put on record, by a recording machine and said records and all other records were not made available to petitioner before, during, or after the inconstitutional (sic) revocation hearings;

(9) The hearing was conducted, generally, in the manner of a "Star Chamber" proceeding which fell far below the minimum constitutional standards for revocation hearings.

"In a recent federal court ruling (Workman v. Turner) the Honorable Willis W. Ritter, Chief Judge of the United States District Court ruled in a precedent making case that a parolee is entitled to the above and foregoing constitutional rights during his parole revocation hearing.

"There can be no doubt that the parole revocation proceedings in this instant case fell far below the minimum constitutional standards, and petitioner's United States Constitutional rights have been infringed upon to the extent that petitioner is entitled to his discharge from any further restraint and confinement, which resulted from the above mentioned unconstitutional parole revocation proceeding."

Petitioner also states that he has raised the above contentions in the Circuit Court of Cole County, Missouri, and the Supreme Court of Missouri by way of petitions for writ of habeas corpus. Those petitions were denied.

■■ Even assuming that petitioner has exhausted his adequate and available remedies in the courts of Missouri, it is

clearly apparent, upon the averments set forth in the petition, that petitioner is not entitled to relief through this federal proceeding. Although petitioner relied upon a recent federal district court case which he claims establishes that he was entitled to an adversary hearing prior to the revocation of his state parole, the Eighth Circuit Court of Appeals has recently held in Morrissey v. Brewer, 443 F.2d 942 (8th Cir., No. 20,328, April 21, 1971), that state parole proceedings are not adversary in nature and that a state parolee is not entitled to "the full panoply of rights accorded in criminal proceedings." See also: Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), cert. den. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963); Allen v. Perini, 424 F.2d 134 (6th Cir. 1970), cert. den. 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970); Eason v. Dickson, 390 F.2d 585 (9th Cir. 1968), cert. den. 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968); Mead v. California Adult Authority, 415 F.2d 767 (9th Cir. 1969). In so holding, the Eighth Circuit Court of Appeals stated:

> "While we recognize the importance which the individual parolee attaches to being allowed to remain outside the prison walls while serving his sentence, we are not constrained to hold that his interest in obtaining a hearing on revocation of that privilege is sufficient to override the interest of the state and the prison authorities in effectively managing internal disciplinary and custodial affairs. As opposed to the welfare recipient in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, supra, the prisoner has no statutory right, even if "qualified," to be granted conditional liberty or allowed to remain on parole. "Moreover, if boards of parole were required to grant hearings, adversary in nature, with the full panoply of rights accorded in criminal proceeding, their function as an administrative body acting in the role of parens patriae would be aborted."

Thus, since petitioner does not have the constitutional right to an adversary hearing upon the revocation of his parole, he does not have the constitutional rights attributable to a criminal adversary proceeding when a hearing is, in fact, granted. Accordingly, petitioner's contentions numbered (2) through (9) are entirely without merit.

There remains petitioner's contention that the Board of Parole is "without judicial or legislative power, to authorize a parole officer to issue warrant for the arrest of a parolee" and that petitioner's arrest was illegal. This contention is equally without merit. Under the statutory provisions of Mo.Rev.Stat. § 549.265 (1967), V.A.M.S., the Missouri Board of Probation and Parole is expressly authorized to issue a warrant for the arrest of a released prisoner for violation of any of the conditions of parole. And, under the same statutory section, any parole or probation officer may arrest such prisoner without a warrant. Thus, it appears that, in view of the allegations set forth in the petition, petitioner's arrest was valid under Section 549.265. Furthermore, even assuming *arguendo* that petitioner's arrest was invalid, the invalidity of the arrest would not entitle petitioner to relief in this federal proceeding. Collins v. Swenson, 443 F.2d 329 (8th Cir., 1971). See, generally: J. Scurlock, Basic Principles of the Administration of Criminal Justice, 38 U.M.K.C.L.Rev. 167, 175 (1970). For, following a later revocation hearing, petitioner's parole was revoked and he was returned to confinement at the Missouri State Penitentiary. And, the alleged invalidity of petitioner's arrest would have no bearing upon the validity of those proceedings. See: 5 Am.Jur.2d, *Arrest*, § 116, p. 796 (1962); Collins v. Swenson, *supra*.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby denied.

It is so ordered.