Daniel M. WOODS, Petitioner,

v.

Rick KEARNEY, Warden, and
Attorney General of the State
of Delaware, Respondents.

No. CIV.A.02–247–JJF.

United States District Court,
D. Delaware.

Aug. 9, 2002.

Daniel M. Woods, pro se.

Loren C. Meyers, Esquire of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) filed by Petitioner Daniel M. Woods. Also pending in this matter are Petitioner's motion for appointment of counsel and motion for a default judgment. (D.I.3, 8.) For the reasons set forth below, the Court will dismiss the Petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1). The Court will deny Petitioner's motions for appointment of counsel and for a default judgment.

## I. BACKGROUND

On March 29, 1990, Petitioner pleaded guilty in the Delaware Superior Court to multiple counts of second degree burglary.

The Superior Court sentenced Petitioner on June 1, 1990, to thirty years in prison followed by a period of decreasing levels of supervision. Petitioner did not file a direct appeal with the Delaware Supreme Court. He is currently serving his sentence at the Sussex Correctional Institution in Georgetown, Delaware.

On January 10, 1991, Petitioner filed in the Superior Court his first motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court denied the Rule 61 motion. *State v. Woods*, No. IN–90–01–0878–R1 (Del.Super.Ct. Apr. 25, 1991). Petitioner also moved for a reduction of sentence on October 8, 1996, which the Superior Court denied that same day. Petitioner did not appeal to the Delaware Supreme Court from either order.

Petitioner filed a second Rule 61 motion on February 12, 1997, which the Superior Court summarily dismissed. *State v. Woods*, Cr. A. No. IN90–01–0878 R2 (Del.Super. Ct. June 4, 1997). On appeal, the Delaware Supreme Court ruled that Petitioner's second Rule 61 motion "clearly was untimely," and affirmed. *Woods v. State*, No. 259, 1997, 1997 WL 425492, *2 (Del. July 18, 1997). Petitioner filed a third Rule 61 motion on October 3, 1997, which the Superior Court denied as untimely. *State v. Woods*, Cr. A. No. IN90010878 (Del.Super.Ct. Nov. 18, 1997). The Delaware Supreme Court agreed and affirmed. *Woods v. State*, No. 507, 1997, 1998 WL 382638 (Del. June 12, 1998).

Beginning on July 1, 1998, Petitioner filed several motions for modification of

sentence, each of which the Superior Court denied.[1] On September 12, 2001, Petitioner also filed in the Superior Court a petition for a writ of habeas corpus, which was denied on September 21, 2001. Petitioner did not appeal to the Delaware Supreme Court from any of these orders.

Petitioner has now filed with the Court the current Petition seeking federal habeas corpus relief. (D.I.2.) Based on his belief that the signature on the waiver of preliminary hearing form was forged, Petitioner raises the following claims for relief: (1) his guilty plea was unlawfully induced and involuntary; (2) he was maliciously prosecuted; and (3) the Superior Court lacked jurisdiction to convict him. (*Id.* at ¶ 12.) Respondents assert that the Petition is subject to a one-year period of limitation that expired before Petitioner filed it, and ask the Court to dismiss the Petition as untimely.

## II. DISCUSSION

### A. One–Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of County of Philadelphia*, 247 F.3d 539, 541 (3d Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 364, 151 L.Ed.2d 276 (2001). Effective April 24, 1996, the AEDPA provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of

1. According to Respondents, these motions were: (1) filed on July 1, 1998, and denied on August 13, 1998; (2) filed on September 10, 2001, and September 25, 2001, both denied on September 25, 2001; and (3) filed on December 18, 2001, and denied on January 25, 2002. (D.I. 12 at 2 nn. 1–2.) Neither of the parties has submitted records from which the Court can confirm these state court proceedings. Petitioner, however, does not disagree with Respondents' assertions respecting these proceedings. Therefore, the Court assumes that Respondents' representations are accurate. Regardless, these proceedings have no effect on the Court's timeliness inquiry, as explained *infra*.

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
. . .

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their habeas petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely).

For purposes of § 2244(d)(1)(A), Petitioner's conviction became final prior to the enactment of the AEDPA. As described above, Petitioner's sentence was imposed on June 1, 1990. Although he did not file a direct appeal, the period of time in which he could have filed a timely appeal is encompassed within the meaning of "the expiration of the time for seeking [direct] review," as provided in § 2244(d)(1)(A). *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001)(stating that where petitioner did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired); *Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(stating that the limitation period begins to run at the expiration of the time for filing a direct appeal if none is filed). Therefore, Petitioner's conviction became final on July 1, 1990, thirty days after the Superior Court imposed his sentence, and well before the enactment of the AEDPA. *See* Del. R.S.Ct. 6(a)(ii) (prescribing a thirty-day limit from the imposition of sentence for filing a direct appeal in a criminal case).

■ The Court's docket reflects that the current Petition was filed on April 4, 2002. (D.I.2.) A pro se prisoner's habeas petition, however, is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the district court dockets it. *Burns,* 134 F.3d at 113. Petitioner has provided the Court with no documentation establishing the date he delivered his Petition to prison officials for mailing. The Petition itself, however, is dated March 15, 2002. In the absence of proof respecting the date of delivery, the Court deems the Petition filed on March 15, 2002, the earliest possible date he could have delivered it to prison officials for mailing. *See Murphy v. Snyder,* Civ. A. No. 98–415–JJF, at 4 (D.Del. Mar. 8, 1999).

As the foregoing demonstrates, the current Petition was filed nearly five years after the April 23, 1997 deadline. That, however, does not necessarily require dismissal of the Petition as untimely, because the one-year period may be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

**B. Statutory Tolling**

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A state application is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). A properly filed application is "one submitted ac-

cording to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998).

As described above, Petitioner initiated several state postconviction proceedings which, if properly filed, could toll the one-year period of limitation. The first of these was a motion for reduction of sentence filed and denied on October 8, 1996.[2] This motion was pending until November 7, 1996, when the thirty-day period for filing a timely appeal expired. *See Swartz v. Meyers,* 204 F.3d 417, 422 (3d Cir.2000)(holding that a postconviction proceeding is "pending" under § 2244(d)(2) until the time to appeal expires). The Court finds that the one-year period of limitation was tolled from October 8, 1996, through November 7, 1996.[3]

Next, on February 12, 1997, Petitioner filed his second Rule 61 motion, which was pending until July 18, 1997. Respondents contend that this motion does not qualify as a "properly filed" application because the Delaware Supreme Court determined that it was untimely. For this reason, Respondents ask the Court to find that the one-year period of limitation was not tolled while Petitioner's second Rule 61 motion was pending.

The Court agrees with Respondents that Petitioner's second Rule 61 motion was not "properly filed" for purposes of statutory tolling. In reaching this conclusion, the Court is guided by *Fahy v. Horn,* 240 F.3d 239 (3d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001), where the petitioner

filed in state court a fourth application for postconviction relief. *Fahy,* 240 F.3d at 242. The state court dismissed the application as time-barred under state law. *Id.* The Pennsylvania Supreme Court affirmed on the ground that the application was untimely. *Id.* In considering whether the application was "properly filed" for statutory tolling purposes, the Third Circuit stated that federal habeas courts "must look to state law governing when a petition for collateral relief is properly filed." *Id.* at 243. The court explained that "[t]he AEDPA requires us to interpret state law as we do when sitting in diversity cases, and we therefore must defer to a state's highest court when it rules on an issue." *Id.* at 243–44. Based on the Pennsylvania Supreme Court's ruling that the state application was untimely as a matter of state law, the Third Circuit concluded that the application was not "properly filed," and that the one-year period was not statutorily tolled while it was pending. *Id.* at 244.

The Court is persuaded that the teachings of *Fahy* control the current inquiry. Here, the Delaware Supreme Court ruled that Petitioner's second Rule 61 motion was untimely under state law. Under *Fahy,* this Court must defer to the Delaware Supreme Court's ruling. Because Petitioner's second Rule 61 motion was untimely and thus not properly filed, the Court concludes that the one-year period of limitation cannot be tolled while it was pending. Therefore, the period of time from February 12, 1997, through July 18, 1997, must be counted toward the one-year period of limitation.

---

**2.** As described previously, Petitioner filed his first Rule 61 motion in 1991, long before the AEDPA imposed a one-year period of limitation. Relevant to the Court's statutory tolling analysis are those applications for postconviction relief that were pending on or after April 24, 1996, the effective date of the AEDPA.

**3.** The Court's analysis assumes without deciding that Petitioner's motion for reduction of sentence qualifies as an "application for State post-conviction or other collateral review" under § 2244(d)(2). Such a determination is unnecessary in this case because the Petition is untimely even if the one-year period was tolled while this motion was pending.

Petitioner then filed his third Rule 61 motion on October 3, 1997. By that time, however, the one-year period of limitation had expired. First, from April 24, 1996, (the effective date of the AEDPA), until October 8, 1996, (the date Petitioner filed his first motion for reduction of sentence), 166 days lapsed during which no postconviction proceeding was pending. Those 166 days are counted toward the one-year period of limitation. Next, from November 8, 1996, (the date his first motion for reduction of sentence was no longer pending), until October 3, 1997 (the date he filed his third Rule 61 motion), an additional 329 days lapsed during which no properly filed application was pending.

In sum, 495 days lapsed before Petitioner filed his third Rule 61 motion. For this reason, the Court finds that Petitioner's third Rule 61 motion has no effect on the statutory tolling inquiry in this matter.[4] *See Fisher v. Gibson,* 262 F.3d 1135, 1142–43 (10th Cir.2001)(stating that application for postconviction relief filed after the expiration of the one-year period has no tolling effect), *cert. denied,* — U.S. ——, 122 S.Ct. 1789, 152 L.Ed.2d 649 (2002).

For these reasons, the Court finds that more than one year lapsed during which no properly filed applications for postconviction relief were pending in the state courts. The Court thus concludes that the statutory tolling provision cannot render the Petition timely filed.[5]

### C. Equitable Tolling

Additionally, the one-year period of limitation may be equitably tolled. *Fahy,* 240

F.3d at 244; *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618–19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

▮ In his Reply, Petitioner does not explain why he waited so long to file his federal habeas petition. Rather, it appears that he argues that Respondents have waived the one-year period of limitation by filing an untimely answer.[6] (D.I. 15 at 6–7.) He cites *Robinson v. Johnson,* No. 00–1979, 2002 WL 377928 (3d Cir. Mar.11, 2002), for the proposition that the one-year period is subject to waiver. Petitioner is correct that *Robinson* holds that the one-year period is subject to waiver if not pleaded in the answer or at the earliest

---

4. Alternatively, Petitioner's third Rule 61 motion was not "properly filed" because the state courts ruled that it was untimely under state law.

5. Even if the Court could exclude each period of time during which any state court proceeding was pending, the Petition would still be untimely. Between April 24, 1996, (the effec-

tive date of the AEDPA), and March 15, 2002, (the date the Petition was filed), more than one year lapsed during which no state court proceeding of any kind was pending.

6. To the extent that Petitioner argues that he is entitled to a default judgment based on Respondents' "untimely" answer, the Court addresses this argument *infra.*

practicable moment thereafter. *Id.* at *6. Here, however, Respondents raised the one-year period of limitation in their Answer. *Robinson's* waiver rule thus has no application here. Moreover, the Third Circuit panel's opinion in *Robinson* has been vacated by the court *en banc,* and remanded for a panel rehearing. *See Robinson v. Johnson,* 283 F.3d 582 (3d Cir.2002)(vacating March 11, 2002 opinion, and remanding for panel rehearing). The Court thus concludes that Petitioner's waiver argument is without merit.

Finally, Petitioner suggests that the one-year period of limitation should not bar his Petition because he did not obtain certain documents demonstrating that the signature on the waiver of preliminary hearing form was forged until July 1997. (D.I. 4 at 4.) Even if Petitioner did not receive these documents until July 1997, Petitioner took no action to pursue any of his claims from August 13, 1998, (the date his second motion for reduction of sentence was denied), until September 10, 2001 (the date he filed a third motion for reduction of sentence). He did not file the current Petition until March 15, 2002. In light of an unexplained lapse of more than three years during which no activity occurred, the Court is unable to find that Petitioner "exercised reasonable diligence in investigating and bringing [his] claims." *Miller,* 145 F.3d at 618–19.

In sum, the Court can find no extraordinary circumstances that warrant applying the doctrine of equitable tolling. The Court will dismiss the Petition as time barred.

### D. Motion for Appointment of Counsel

■ As noted above, Petitioner moved the Court to appoint counsel to represent him in this matter. (D.I.3.) It is well established that Petitioner has no Sixth Amendment right to counsel in this habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir. 1999). A district court, however, may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c) of the Rules Governing Section 2254 Cases.

For the reasons stated, the Court has determined that the Petition is time barred. Accordingly, Petitioner's motion for appointment of counsel will be denied as moot.

### E. Motion for Default Judgment

On June 3, 2002, Petitioner filed a document entitled "Motion for Default to Answer," asking the Court to grant the Petition due to Respondents' failure to file a timely answer. (D.I.8.) The Court treats Petitioner's motion as a request for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.[7]

Petitioner is not entitled to a default judgment because Respondents have in no way "failed to plead or otherwise defend" in this action. Fed.R.Civ.P. 55(a). The Court expressly granted Respondents' request to extend the time for filing their Answer until June 18, 2002. (D.I.11.) Re-

---

7. Whether a default judgment is available in a habeas corpus proceeding is doubtful. *See Lemons v. O'Sullivan,* 54 F.3d 357, 364–65 (7th Cir.1995)("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir.1990)("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir.1987)("a default judgment is not contemplated in habeas corpus cases"); *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970)("Rule 55(a) has no application in habeas corpus cases."). Even if a default judgment is available in habeas proceedings, Petitioner is not entitled to a default judgment, as explained *infra.*

spondents filed their Answer on that date. (D.I.12.) Accordingly, Petitioner's motion for a default judgment will be denied.

### F. Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the current Petition is barred by the one-year period of limitation. The Court is convinced that reasonable jurists would not debate otherwise. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### III. CONCLUSION

For the reasons stated, the Court will dismiss as untimely the Petition for Writ of Habeas Corpus filed by Petitioner Daniel M. Woods. The Court will also deny his motions for appointment of counsel and for a default judgment. The Court will not issue a certificate of appealability.

An appropriate Order will be entered.