NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0024n.06

No. 12-3308

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DANIEL D. BENHAM, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WARDEN, FCI ELKTON, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Daniel D. Benham, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  He has also filed a motion for leave to proceed in forma pauperis, a motion for an evidentiary hearing, a motion to supplement the record, and a motion for summary judgment or judgment on the pleadings.

Benham was convicted by a jury of four counts of tax evasion, in violation of 26 U.S.C. § 7201, and one count of bankruptcy fraud, in violation of 18 U.S.C. § 157.  He was sentenced to a total of seventy-two months of imprisonment.  We affirmed the district court's judgment on appeal. *United States v. Benham*, Nos. 09-1184/10-2281 (6th Cir. Apr. 14, 2011) (order).

Benham subsequently filed a section 2241 petition in which he argued that the Constitution provided Congress with the authority to enact criminal laws prohibiting the offenses for which he was convicted only if the offenses were committed on federal territories and property.  He argued that, as a result, the trial court lacked jurisdiction to convict him.  Benham also asserted that his due

process rights were violated because neither the trial court, nor the appellate courts, would allow him to raise these arguments. The district court dismissed the section 2241 petition, determining that it lacked any basis in law sufficient to support his request for habeas corpus relief.

We review the district court's judgment de novo. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). The prisoner bears the burden of showing that he is in custody in violation of the Constitution, laws, or treaties of the United States. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

Benham argues that the district court lacked jurisdiction to convict him because the Constitution does not give the federal government the power to punish tax and bankruptcy violations. He asserts that the Constitution grants the federal government the power to punish only the counterfeiting of securities, crimes committed on the high seas, treason, and crimes committed on federal lands or property. He contends that the trial and appellate courts violated his due process rights when they ignored or recharacterized his arguments concerning this issue. He also states that the district court erred in determining that he bore the burden of proof regarding a jurisdictional violation.

Benham has not cited any cases supporting his arguments. The arguments are "completely without merit and patently frivolous." *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994). Benham has not demonstrated that he is entitled to section 2241 relief. *See Chandler*, 180 F.3d at 755; *Allen*, 424 F.2d at 138.

Benham's motion for leave to proceed in forma pauperis is granted, his remaining motions are denied, and the district court's judgment is affirmed.