**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                          No. 01-4544

ELIJAH JEROME WHITE, a/k/a Dice,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-455)

Submitted: November 27, 2002

Decided: December 17, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

M. Gordon Widenhouse, Jr., RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Chapel Hill, North Carolina, for Appellant. J. Strom Thur-
mond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Elijah Jerome White, a/k/a "Dice," was convicted pursuant to a plea agreement for conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. He received a 360-month sentence. On appeal, White argues that the district court erred in: (1) denying his motion to compel the government to file a motion for a downward departure based on his cooperation; (2) imposing a sentence greater than 240 months imprisonment given that the drug quantity was not specified in the indictment; (3) enhancing his sentence in light of the government's failure to provide notice of his prior felony convictions; (4) sentencing him as a career offender under the sentencing guidelines; (5) denying his motion for a downward adjustment for acceptance of responsibility; and (6) using a prior conviction that had been expunged to sentence him. Finding no reversible error, we affirm.

White first argues that the district court erred in denying his motion to enforce the plea agreement because the agreement required the government to move for a downward departure based on his cooperation. White's plea agreement contained no unconditional promise to file a motion for downward departure, but instead left the decision to the Government's discretion. Furthermore, there is no evidence or allegation that the Government's refusal to move for a downward departure was based upon an unconstitutional motive or that the Government acted in bad faith. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992). Accordingly, we find this claim without merit.

White next contends that the district court erred in imposing a sentence in excess of twenty years because drug quantity was not alleged in the indictment, and therefore he should not have been sentenced in excess of 240 months under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In his plea agreement, White stipulated and agreed that the quantity of cocaine involved was at least 5 to 15 kilograms, and that the amount of cocaine base was at least 50 grams with a base offense level of at least 32 for purposes of calculating his sentence. He further stipulated that he had at least two prior felony drug convictions within

the meaning of 21 U.S.C. § 851 (1994), and that the filing of the agreement constituted the filing of an adequate § 851 information.

We find that the Supreme Court's holding in *Apprendi* is not implicated in this case. Because White stipulated to having a prior drug felony conviction and to the Government's filing of a proper information with the district court in that regard pursuant to 21 U.S.C. § 851, his statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C) (2000) was thirty years. Because § 841(b)(1)(C) authorizes a ten-year enhancement based solely on a defendant's prior felony convictions, and *Apprendi* explicitly exempts prior convictions from its scope, 530 U.S. at 490, White's thirty-year sentence does not contain an *Apprendi* defect. The *Apprendi* rule simply does not apply to penalty enhancements based on prior convictions. *Id.* Accordingly, this claim is also without merit.

In a related argument, White maintains that the district court erred in enhancing his sentence where the Government failed to provide the required statutory notice of prior convictions before the guilty plea. He maintains that the Government sought to enhance his sentence under § 841(b)(1)(A) because he committed the subject offense "after a prior conviction for a felony drug offense has become final." He states, however, that it was incumbent upon the government to file an information with the court stating in writing the previous convictions relied upon before entry of a guilty plea, pursuant to 21 U.S.C. § 851(a)(1). We also find this claim non-meritorious. White stipulated to "a prior conviction for a felony drug offense" in his plea agreement. He does not contend on appeal that the plea agreement is somehow invalid or that his plea was not knowingly and voluntarily entered. Accordingly, he is bound by the terms of his plea agreement. *United States v. Williams*, 29 F.3d 172, 174-75 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).

Additionally, White argues that the district court erred in finding he was a career offender under *U. S. Sentencing Guidelines Manual* § 4B1.1 (2000), because the earlier convictions upon which the classification was based were merely part of an ongoing conspiracy involving the same people with whom he was charged with conspiring in the instant offense. Hence, he contends, they were part of the instant

offense and therefore should not have been considered "prior convictions" under the guidelines.

This court conducts de novo review of legal interpretation of the guidelines and reviews the underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Because White challenges the district court's determination of whether his previous convictions qualified as a prior felony conviction under the career offender guideline, this court reviews this issue de novo. *United States v. Dickerson*, 77 F.3d 774, 775 (4th Cir. 1996). White specifically argues that his prior convictions were a part of the ongoing conspiracy that formed the basis for the subject conviction, and therefore should not be considered "prior felony convictions" within the meaning of the guideline. The superseding indictment alleges that the conspiracy for which White was convicted began in 1995. The three prior felony convictions in question occurred well before 1995. We find this claim is wholly without merit.

White also argues that the district court erred in denying him a reduction in his offense level for acceptance of responsibility pursuant to USSG § 3E1.1(a). The denial of an adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). The determination of the district court is due great deference on review. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (citing *U.S. Sentencing Guidelines Manual* § 3E1.1, cmt. n.5 (1993)). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989). In all but extraordinary cases, a defendant who receives an enhancement in his sentence for obstruction of justice is not entitled to a reduction for acceptance of responsibility. USSG § 3E1.1, cmt. n.4 (2000). Here, White received a two-level enhancement for obstruction of justice under USSG § 3C1.1. White fled the jurisdiction in violation of his bond and did not appear for sentencing. Although he claimed to have fled because he was in fear for his life, White was ultimately arrested in North Carolina during the course of a new drug crime. In light of these facts, we find no clear error in the court's denial of White's motion for a downward adjustment based on acceptance of responsibility.

Last, White contends that a prior conviction that had been expunged was used against him in calculating his criminal history, in violation of USSG § 4A1.2(j), which provides that sentences for expunged convictions cannot be counted in computing criminal history points. The record discloses, however, that White was not assessed criminal history points for the November 1997 incident in question as there was no conviction. We conclude that there was no violation of USSG § 4A1.2(j). To the extent that White argues that the use of this incident as relevant conduct was also prohibited by USSG § 4A1.2(j), the argument is baseless. *See United States v. Watts*, 519 U.S. 148, 155-57 (1997) (holding that an absence of a conviction does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence).

Accordingly, we affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*