**Elijah WHITE, Petitioner,**

v.

**Warden M. RIVERA, Respondent.**

**C.A. No. 3:07–1803–PMD–JRM.**

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 21, 2007.

---

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Petitioner Elijah White's ("White" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R & R recommends dismissal of White's petition without prejudice. A party may object, in writing, to an R & R within ten days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). White filed timely objections to the R & R.

### BACKGROUND

Petitioner White is a federal prisoner at the Estill Federal Correctional Institution. White was convicted of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base or "crack" in violation of 21 U.S.C. § 841(a)(1). On June 26, 2001, this court sentenced White to 360 months of imprisonment and 10 years of supervised release. The United States Court of Appeals for the Fourth Circuit affirmed White's convictions and sentence. *See United States v. White,* 54

Fed.Appx. 576 (4th Cir.2002). Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which this court denied on August 19, 2003. White appealed, and the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability on his § 2255 motion and dismissed the appeal.

White then filed a petition for a writ of habeas corpus under § 2241 on June 24, 2007. The grounds for relief in White's § 2241 petition are:

(1) Whether the district court abused its discretion when Petitioner was deprived of his right to counsel of choice?

(2) Should Petitioner obtain habeas relief for an enhancement that he is actually innocent of?

(3) Should Petitioner obtain habeas relief because he properly preserved a claim of *Booker* error?

(4) Whether conflict of interest warrant[s] "automatic reversal."

(Pet. at 4–5.)

### STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b) (1). After a review of the entire record, the R & R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. However, as Petitioner asserts the Magistrate Judge's Report and Recommendation for summary dismissal "has nothing to do with the petitioner['']s request for habeas relief," this court will further address Petitioner's argument. (*See* Objections at 4.) Accordingly, the R & R is adopted to the extent not inconsistent with this order.

### ANALYSIS

 A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. § 2255. However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is "inadequate or ineffective to test the legality of ... detention." *Id.; see also In re Jones,* 226 F.3d 328, 332–33 (4th Cir.2000). Under the *Jones* test, § 2255 is inadequate or ineffective to test the legality of detention when the following three prongs are met:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones,* 226 F.3d at 333–34. However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See id.* at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *see also Levine v. Pettiford,* No. CIVA 9:06–1265SB, 2006 WL 2107072, at *2 (D.S.C. July 28, 2006). Petitioner bears the burden of coming for-

ward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255. *See In re Eidson,* 129 F.3d 1259, 1997 WL 712857 at *1 (4th Cir.1997) (unpublished table decision); *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir.1979).

■ Here, White cites the *Jones* test in an attempt to argue § 2255 is inadequate or ineffective to test the legality of his detention, but he fails to show that he satisfies this test. Specifically, White fails to identify how, subsequent to his direct appeal and § 2255 motion, the substantive law has changed such that the conduct for which he was convicted is deemed no longer criminal. In fact, White's conduct leading to his conviction is still deemed criminal. In his § 2241 petition, White attacks the validity of his judgment on a variety of grounds, many already rejected by this Court or the Fourth Circuit, but he does not demonstrate § 2255 is inadequate or ineffective. None of White's § 2241 petition grounds, including an assertion of error relating to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which concerns federal sentencing guidelines, render White's prior conduct non-criminal. *See Anderson v. Lamanna,* No. C.A. 3:07–372–HMH–JRM, 2007 WL 1231655, at *2 (D.S.C. Apr.24, 2007) (citing *Foye v. O'Brien,* No. CIV. A. 1:05CV157, 2006 WL 3325688, at *3 (N.D.W.Va. Nov.14, 2006) (unpublished) (*"Booker* announced a new procedural rule, not a new substantive rule that decriminalized [petitioner's] offenses of conviction.")); *see also Rider v. United States,* 207 Fed. Appx. 315, 315–16 (4th Cir.2006) (holding that a *Booker* claim does not meet the standard under *Jones* ). Thus, White fails to meet the criteria of the savings clause and is thus precluded from relief under § 2241.

In White's Objection to Magistrate Judge Joseph R. McCrorey's Report and Recommendation recommending dismissal, White argues the Magistrate's Report is overly focused on the "proper vehicle" in filing a § 2241 petition. (Objections at 1.) White further relies on *Poole v. Dotson,* 469 F.Supp.2d 329 (D.Md.2007), and *Jones* to support his assertion that he may proceed under § 2241. However, without demonstrating § 2255 is inadequate or ineffective, White's § 2241 petition remains improper. *See In re Malone,* 74 F.3d 1232, 1996 WL 23360 at *1 (4th Cir.1996) (unpublished table decision) ("This court will not entertain a § 2241 petition unless a 28 U.S.C. § 2255 (1988) motion is inadequate or ineffective to test the legality of a person's detention." (internal quotation marks omitted)); *Johnson v. Stansberry,* No. 5:06–HC–2049–H, 2006 WL 4660602 (E.D.N.C. June 7, 2006). As noted in *Jones,* although § 2255 does not limit the rights of federal prisoners to collaterally attack their conditions and sentences, § 2255 still needs to be proven inadequate or ineffective to test the legality of detention in order to seek a writ of habeas corpus pursuant to § 2241. *Jones,* 226 F.3d at 332–33.

Petitioner cites *Poole* for the proposition that "the savings clause i[s] not limited only to the situation the *Jones* prisoner faced." (Objections at 3.) In *Poole,* the petitioner (Poole) was convicted in federal court on a drug charge, and he was sentenced as a career offender because at the time of his sentencing, it was believed that he had two prior felony convictions, one for robbery and one for possession with intent to distribute. *Poole,* 469 F.Supp.2d at 331. He appealed his conviction to the Fourth Circuit, but the Fourth Circuit affirmed. *Id.* He also filed a § 2255 petition, which the district court denied. *Id.* After the district court denied his § 2255 motion, the petitioner received a letter indicating that a judge had revised his conviction for possession with intent to distribute in favor of a judgment of conviction for possession of cocaine, a misdemeanor, by an order

signed on April 21, 1997. *Id.* Upon receiving this letter, the petitioner attempted to file a second § 2255 motion, alleging that his sentence had been enhanced illegally, but the court directed him to obtain certification from the Fourth Circuit before filing a second § 2255 motion. *Id.* The Fourth Circuit refused to issue the certificate of appealability and dismissed the second petition as successive. *Id.* After several more filings, the petitioner filed a § 2241 petition. *Id.* at 332.

On November 3, 2006, a judge vacated the entire possession with intent to distribute sentence and set the case for a new trial. *Id.* The petitioner then filed a motion for summary judgment with respect to his § 2241 petition. *Id.* The Government argued, *inter alia,* that Poole's § 2241 petition was improper because he had not demonstrated that § 2255 was inadequate or ineffective. *Id.* The United States District Court for the District of Maryland disagreed, however:

> The facts underlying the *Jones* decision are critical to understanding the rationale behind the standard announced by the Fourth Circuit. In *Jones,* a prisoner found himself between a constitutional "rock" and a statutory "hard place." On the one hand, he stood convicted and incarcerated for conduct that was not criminal—a violation of his constitutional rights. On the other hand, the prisoner had already used the only statutory vehicle available to attack his sentence before it was determined that the conduct which he was convicted of was not in fact criminal. . . .
>
> Expressly agreeing with the rationale and holdings of the Seventh Circuit, Second Circuit, and Third Circuit, . . . the Fourth Circuit concluded that Section 2255 is inadequate and ineffective when the three prongs . . . [listed in *Jones* ] are met. However, a close review of the rationale of these courts reveals that the savings clause is not limited *only* to the

situation the *Jones* prisoner faced. Specifically, the *Jones* court found persuasive the other Circuits' focus on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress.

*Id.* at 334–35 (internal quotation marks and citations omitted).

The court then noted that Poole could not meet the *Jones* test because "he cannot point to any change in substantive law that deemed noncriminal the conduct upon which his state [possession with intent to distribute] conviction rested." *Id.* at 335. However, the court did allow Poole to seek relief under § 2241:

> [T]his Court does not think the spirit of the *Jones* decision intended to ignore the "fundamental defect" Poole currently faces. The Fourth Circuit has never squarely addressed the issues and peculiar facts raised by Poole's situation. Similar to the prisoner in *Jones,* Poole has also found himself trapped between a constitutional "rock" and a statutory "hard place." Poole stands incarcerated as a career offender when he is not in fact a career offender, and, through no fault of his own, Poole currently has no source of redress. When Poole filed his first § 2255 motion, an attempt to argue that he was not a career offender would have been futile because this Court . . . believed Poole had two prior felony convictions. Furthermore, at that time, Poole had no way of knowing that he was not a career offender.

*Id.* The court then addressed the merits of Poole's § 2241 petition. *Id.* at 336–39.

■■ Assuming the court in *Poole* is correct that the Fourth Circuit does not limit the savings clause only to the situation the *Jones* prisoner faced, White is not trapped between a constitutional "rock" and a statutory "hard place" like the peti-

tioner in *Poole*. Unlike in *Poole*, when White filed his first § 2255 motion, it would not have been futile to make the argument he now makes. While *Poole* involved events occurring after the petitioner filed his § 2255 motion, White does not argue that events occurring after his § 2255 motion was dismissed cause § 2255 to be inadequate or ineffective to test the legality of detention. Furthermore, whereas Poole's conviction for possession with intent to distribute was set aside, there is no evidence that any of White's convictions used to enhance his conviction have been set aside.[1] In sum, even assuming the *Jones* test is not the only method of demonstrating § 2255 is inadequate or ineffective, the court finds that White has still failed to demonstrate § 2255's inadequacy or ineffectiveness. Because he does not make this showing, White is not entitled to proceed under § 2241.[2]

### CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that White's § 2241 petition

is summarily **DISMISSED** without prejudice.

### AND IT IS SO ORDERED.

Report and Recommendation

JOSEPH R. McCROREY, United States Magistrate Judge.

The Petitioner, Elijah White ("Petitioner") is a prisoner at Estill Federal Correctional Institution, where he is serving a sentence imposed in this District. In a 28 U.S.C. § 2241 petition, Petitioner attempts to challenge that federal judgement and sentence. However, because Petitioner is challenging a federal judgment and sentence, he must proceed under 28 U.S.C. § 2255. Therefore, this Petition should be summarily dismissed.

### Standard of Review

■ Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v.*

---

1. The court notes that many of the grounds for relief asserted in White's § 2241 petition are similar, if not identical, to the assertions of error he raised on appeal. For example, White argued on appeal that the district court erred in sentencing him as a career offender and in using a prior conviction that had been expunged to sentence him. *See United States v. White*, 54 Fed.Appx. 576 (4th Cir.2002).

2. Even if White were entitled to proceed under § 2241, his claim of actual innocence relating to an enhancement would not be cognizable. A federal court may grant a habeas petition in an extraordinary case where a constitutional violation probably has resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The United States Supreme Court provided, "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In this case, White does not present any new, reliable evidence that would support his assertion of innocence.

Furthermore, his "actual innocence" argument concerning an enhancement does not entitle him to relief under § 2241, as it "is not the type of argument that courts have recognized may warrant review under § 2241." *Davis v. United States*, No. C/A8:05-2778GRA–BHH, 2006 WL 89505, at *6 (D.S.C. Jan.12, 2006); *see also Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir.2000) ("Kinder's argument that he is actually innocent of being a career offender ... is not the type of argument that courts have recognized may warrant review under § 2241."); *Anderson v. Pettiford*, No. 8:07–943–CMC–BHH, 2007 WL 1577673 (D.S.C. May 31, 2007). Accordingly, White's argument that he is entitled to relief under § 2241 is without merit.

*Warden, Md. House of Corr.,* 64 F.3d 951 (4th Cir.1995) (*en banc* ); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Even under this less stringent standard, however, the *pro se* Petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, (4th Cir.1990).

This case filed by a prisoner has also been reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, "new" 28 U.S.C. § 1915A, and the Anti–Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, (1992); and *Neitzke v. Williams,* 490 U.S. 319, 324–325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

*Discussion*

This claim is not properly brought under 28 U.S.C. § 2241.[1] Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. *In re Vial,* 115 F.3d 1192 (4th Cir.1997). Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Although the instant Petition is brought pursuant to § 2241, its claim represents a collateral attack upon a conviction in and sentence imposed by this Court. This kind of attack is more properly reserved for a petition filed pursuant to § 2255, *see id.,* instead of a petition filed pursuant to § 2241.

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). Petitioner has previously filed a § 2255 petition which was denied. C/A 2:03–379–

---

1. Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(a),(c)(3).

PMD. The Fourth Circuit has unequivocally held that " § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones,* 226 F.3d 328, 333 (4th Cir.2000) (citations omitted). It is likely that this Petition is filed outside of the one-year statute of limitations on § 2255 petitions. However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 539 (3rd Cir.2002). Rather, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

The Fourth Circuit has noted, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Jones* at 333. In only one scenario has the Fourth Circuit deemed " § 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones* 333–34. Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted (crack distribution) is no longer criminal.

Petitioner argues that § 2255 is inadequate or ineffective because he "was sentenced for an offense that he is actually innocent of," without offering any new facts to support that assertion. Petition at 2. Petitioner asserts actual innocence, apparently in the hopes that doing so will induce this Court to hear his case despite the bar to jurisdiction and the outcomes of his previous § 2255 motion. Petitioner's unsupported statement that he is actually innocent of the crimes for which he pled guilty and was sentenced does not require this Court to consider the merits of his Petition.

■ Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); *Thompson v. United States,* 211 F.3d 1270 (6th Cir.2000) (Table) (text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a

conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence" which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie,* 207 F.3d 1075, 1077 n. 4 (8th Cir.2000).

Additionally, throughout the petition and various attachments Petitioner refers to *U.S. v. Booker,* apparently in the belief that this case somehow satisfies the savings clause. However, *Booker* concerns the federal sentencing guidelines, and does not render any particular act non-criminal. *U.S. v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *see San–Miguel v. Dove,* 291 F.3d 257, 261 n. 2 (4th Cir.2002) (the case *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not render the conduct for which petitioners were convicted non-criminal, such that § 2255 was inadequate or ineffective). As Petitioner's claim fails to meet the criteria of the savings clause, he is precluded from relief under § 2241, and his Petition should be dismissed.

*Recommendation*

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. *See Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon,* 79 F.3d 693, 697 (8th Cir.1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit).