The State of Ohio, Appellee, *v.* Lawson, Appellant.

[Cite as State v. Lawson, 12 Ohio St. 2d 9.]

(No. 41114—Decided October 25, 1967.)

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Donald G. Montfort,* for appellee.

*Mr. Isaac Newton Lawson, Jr., in propria persona.*

*Per Curiam.* This cause is before this court on a motion to certify the record of the Court of Appeals which court affirmed the judgment of the trial court denying appellant relief under the Postconviction Remedy Act.

In 1964, appellant, while represented by retained counsel, entered a guilty plea to aggravated assault.

The first contention of appellant relates to his plea of guilty. It is his argument, and he claims to have witnesses to substantiate it, that his attorney told him he would be pleading to a misdemeanor and that he would get probation. He argues that this misrepresentation induced his plea.

Appellant's second contention relates to the postconviction remedy procedure.

The trial court denied his petition in the first instance. An appeal was prosecuted to the Court of Appeals. The Court of Appeals reversed and remanded the cause to the trial court for an evidentiary hearing. *State* v. *Lawson,* 9 Ohio App. 2d 129.

The Court of Common Pleas held a hearing. Appellant was not present at the hearing and was not represented by counsel. He was given no opportunity to present any evidence. The only witness was the attorney who had represented appellant at the time appellant entered his plea of guilty.

Although Section 2953.22, Revised Code, as now in effect, provides that it is not necessary that the prisoner be present at the hearing, a hearing certainly contemplates that each party have an opportunity to introduce evidence.

In the instant case, the record does not show that appellant was present, was given an opportunity to present witnesses or to testify, was represented by counsel or was given an opportunity to cross-examine the state's witness. This does not conform to the requirements of an evidentiary hearing as ordered by the Court of Appeals.

The motion to certify is allowed, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a proper evidentiary hearing.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.