DECISION
Appellant, Kevin L. Nivens, appeals from the February 9, 1999 decision and entry of the Franklin County Court of Common Pleas denying appellant's petition for post conviction relief. For the reasons that follow, we affirm.
On March 2, 1995, appellant was indicted for aggravated burglary with a specification, intimidation, kidnapping, and rape. The case proceeded to trial on July 12, 1995. On July 18, 1995, the jury returned guilty verdicts for burglary, kidnapping, and rape. The trial court merged the kidnapping and rape crimes for sentencing. On May 28, 1996, this court affirmed appellant's conviction. State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported (1996 Opinions 2053). Appellant is currently serving a term of imprisonment of fifteen to forty-five years.
On September 20, 1996, appellant filed a petition for post conviction relief pursuant to R.C. 2953.21. In his petition, appellant claimed that he was denied a fair trial because the prosecution knowingly and unlawfully withheld exculpatory evidence, namely, a videotape of an interview between appellant and the police at the time of his arrest. Attached to his petition was the affidavit of appellant's trial counsel indicating that the tape had not been turned over to the defense until after trial. Appellant also claimed that he was denied a fair trial due to perjured testimony of the prosecution's chief witness. Appellant submitted an affidavit from Norman D. James indicating that the prosecution's chief witness had revealed to James that she had intentionally lied about the allegations of rape and kidnapping that she had made against appellant. The state opposed the motion, and the trial court conducted a hearing on January 14, 1999, in which neither petitioner nor his appointed counsel were present.
The trial court denied the motion for several reasons. First, the trial court reviewed the videotape and found that, even if the prosecution had withheld the tape, it contained no exculpatory evidence and would not change the result of the jury's verdict. Second, the trial court heard from appellant's trial counsel and the prosecutor, and based on their representations found that the tape had been given to defense counsel prior to trial. Third, the trial court reviewed the entire trial transcript and found ample credible testimony from the victim, the victim's roommate, and a 9-1-1 tape that appellant had raped the victim. Fourth, the trial court questioned the credibility of the affidavit of Norman James that the victim wished to recant her testimony. Fifth, the trial court found that there was no evidence from the victim herself that she wished to recant. Sixth, the trial court found that the issue of the tape could have been raised on direct appeal and was not.
Appellant appealed the trial court's decision, assigning as error the following:
 Assignment of Error Number One: The trial court abused its discretion when failing to hold hearing pursuant to Sections 2953.21 and 2953.22 of the Ohio Revised Code.
 Assignment of Error Number Two: The trial court erred in applying the doctrine of Res Judicata as basis for denying post conviction relief.
 Assignment of Error Number Three: The trial court abused its discretion in overruling the Appellant's petition for post conviction relief without an evidentiary hearing.
Appellant's first two assignments of error are interrelated and will be addressed together. In his first assignment of error, appellant argues the trial court erred by not allowing appellant or his counsel to be present at the January 14, 1999 hearing. The state has conceded that the trial court should not have conducted a hearing without appellant or counsel for appellant present. We agree. If a hearing is granted, pursuant to R.C. 2953.21, "the petitioner shall be permitted to attend the hearing," and must be transported from a penal institution for such purposes if in custody. R.C. 2953.22. If the petitioner does not attend the hearing, he still must be allowed an opportunity to have evidence introduced supporting his petition.State v. Lawson (1967), 12 Ohio St.2d 9. Accordingly, for purposes of appellate review, we shall disregard the transcript of the January 14, 1999 hearing and treat it as a nullity. Despite this error, the state argues that the petition was merit less and properly dismissed. We agree.
In considering the denial of a petition for post conviction relief without a hearing, R.C. 2953.21(A)(1) provides that:
 Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
Although the statute allows the petitioner to request an evidentiary hearing, such a hearing is not automatically required.State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court must conduct an initial review of the record to determine whether to hold an evidentiary hearing. As set forth in the pertinent provisions of R.C. 2953.21:
 (C) * * * Before granting a hearing * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing * * *.
Thus, if a petition for post conviction relief does not allege facts which, if proved, would entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition. State v. Perry (1967), 10 Ohio St.2d 175, paragraph two of the syllabus. Similarly, if the petition does allege such facts, but the files and records of the case negate the existence of facts sufficient to entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition without a hearing. In such an instance, however, the finding of the court should specify the portions of the files and records which negate the existence of alleged facts that would otherwise entitle the prisoner to relief. Id. at paragraph three of the syllabus.
With respect to this court's standard of review, the Ohio Supreme Court has referred to a "meaningful" and "plain and adequate review" based upon the trial court's findings of fact and conclusions of law. State ex rel. Kaldor v. Court (1984), 9 Ohio St.3d 114,115. Consequently, the trial court must make findings of fact and conclusions of law explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which the trial court reached its decision. State v. Clemmons (1989),58 Ohio App.3d 45.
When a petition is dismissed on res judicata grounds, the trial court should make and file findings of fact and conclusions of law, and where appropriate, should specify the portions of the files and records which establish the bar of resjudicata. State v. Lester (1975), 41 Ohio St.2d 51, 55; State v.Pocius (1995), 104 Ohio App.3d 18, 22.
Here, appellant claims the videotape in which he is heard confessing to assaulting the victim shows him wearing sweat pants with no shorts on the outside. Officer Wooten testified at trial that, when he encountered appellant, appellant was wearing sweatpants underneath a pair of unzipped shorts. Given the testimony of the victim, the victim's roommate, and the 9-1-1 tape, we agree with the trial court that whether appellant had shorts on the outside or inside of his sweatpants is of so little relevance as to be non exculpatory. Accordingly, the trial court did not err in dismissing appellant's petition on these grounds. The first two assignments of error are not well-taken and are overruled.
In his third assignment of error, appellant argues that the affidavit of Norman James is evidence that the victim purposely lied about the allegations of rape and kidnapping, and necessitates an evidentiary hearing. We disagree.
In order to obtain post conviction relief, the petitioner must establish that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1); see, generally, State v. Walden
(1984), 19 Ohio App.3d 141, 146 ("the basic difference between a motion for new trial under Crim. R. 33 and a petition for relief after judgment pursuant to R.C. 2953.21 is that the latter must be predicated upon denial or infringement of constitutional rights so substantial as to render the judgment void or voidable.") Thus, a petitioner must establish two separate elements: (1) that the violation upon which the petitioner relies to establish his right to relief must be of a constitutional dimension; and (2) that the violation must have occurred at the time the petitioner was tried and convicted of a criminal offense. State v. Powell (1993),90 Ohio App.3d 260, 264. Neither appellant's claim of perjured testimony nor a claim of actual innocence is of constitutional dimensions.
A claim based upon perjured testimony does not implicate constitutional rights unless it is shown that the state knew of the perjury or should have known of the perjury. See State v.Cohen (June 11, 1999), Lake App. No. 97-L-311, unreported; Statev. Campbell (Jan. 8, 1997), Hamilton App. No. C-950746, unreported; State v. Kimble (Sept. 22, 1988), Cuyahoga App. No. 54154, unreported. Appellant does not even allege, let alone factually support, that the state knew or should have known that the victim's testimony at the original trial constituted perjury. Thus, appellant has not raised a constitutional claim necessary for post conviction relief. The third assignment of error is not well-taken and is overruled.
Based on the foregoing, we overrule appellant's three assignments of error and affirm the decision and entry of the Franklin County Court of Common Pleas.
Judgment affirmed.
KENNEDY and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section6(C), Article IV, Ohio Constitution.