[Cite as *State v. Garvin*, 2014-Ohio-1726.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 100165

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KENNETH GARVIN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-543309-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Norman Schroth
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Kenneth Garvin, appeals the trial court's decision not to conduct a full evidentiary hearing on allied offenses or a de novo resentencing. For the reasons that follow, we affirm the trial court's decision.

{¶2} In 2010, Garvin was charged with kidnapping with a sexual motivation specification (Count 1), rape with a sexually violent predator specification (Count 2), and gross sexual imposition with a sexually violent predator specification (Count 3). In March 2011, Garvin pled guilty to Count 2 as amended, sexual battery without any specification, and also to Count 3 as amended, gross sexual imposition without specification. Count 1 was nolled.

{¶3} In April 2011, Garvin was sentenced to five years on Count 2 to be served consecutively to an 18-month sentence on Count 3. Following a delayed appeal in this matter, this court summarily reversed the case and remanded the matter to the trial court to conduct a hearing on whether the offenses were allied. *State v. Garvin*, 8th Dist. Cuyahoga No. 96819, 2012-Ohio-179 (*"Garvin I"*).

{¶4} On remand, the trial court conducted a hearing for the limited purposes of determining whether Count 2, sexual battery, and Count 3, gross sexual imposition were allied offenses of similar import for purposes of sentencing. The trial court expressly stated that Garvin was not entitled to a new sentencing, which defense counsel agreed. Additionally, the court denied Garvin's request to put forth witnesses for the purposes of

determining whether the offenses were allied. Specifically, Garvin requested that the victim testify.

{¶5} After hearing arguments from both the state and defense, the trial court determined that the offenses were not allied. It is from this order that Garvin appeals, raising two assignments of error.

## I. Allied Offenses Evidentiary Hearing

{¶6} In his first assignment of error, Garvin contends that the trial court acted contrary to law when it failed to conduct an allied offenses hearing. Specifically, Garvin argues that the trial court was required to conduct a full evidentiary hearing where each party has the opportunity to present evidence, including calling witnesses.

{¶7} In support of his argument, Garvin relies on *State v. Lawson*, 12 Ohio St.2d 9, 230 N.E.2d 650 (1967), where the Ohio Supreme Court held that "a hearing certainly contemplates that each party have an opportunity to introduce evidence." *Id*. at 9. However, in *Lawson*, the procedural nature of the case is glaringly different than Garvin's case. In *Lawson*, the trial court was considering a petition for postconviction relief, and because neither the defendant nor his defense counsel were present, the court stated that the trial court did not conduct a hearing. *Id*.

{¶8} In this case, the trial court heard arguments from both the defense counsel and the state.

{¶9} At the hearing, the state argued that sexual battery and gross sexual imposition were not allied offenses because they were committed with separate animuses.

The state maintained that Garvin's act of touching the victim's breasts qualified as gross sexual imposition. The state then argued that while two men kept the victim in the basement, two other men, including Garvin, left the residence. When they returned, the men including Garvin, sexually assaulted the victim by holding her legs down and forcing oral sex. The state maintained this act constituted sexual battery. Because these acts were committed at different times, the state maintained they were not allied.

{¶10} Garvin maintained at the hearing that the offenses could be allied, and because the victim gave inconsistent statements to the police, especially about who left the basement, the best evidence would be to have the victim testify in court at the allied offenses hearing. Garvin argued that the offenses of sexual battery and gross sexual imposition could have occurred at the same time, after the men returned from the store and that "any GSI was incidental to the sexual battery." According to Garvin, the purpose of having the victim testify at the allied offenses hearing was to "clear up the discrepancies."

{¶11} The trial court denied Garvin's request and determined that sexual battery and gross sexual imposition were not allied because the offenses occurred during two different encounters; that there was a break in the sequence of events.

{¶12} "When deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus." *State v. Washington*, 137 Ohio St.3d

427, 2013-Ohio-4982, 999 N.E.2d 661, syllabus. Accordingly, the issue before this court is what is the scope of the allied offenses hearing on remand.

{¶13} In *Washington*, the Supreme Court recognized that a majority of the cases are "resolved by entry of guilty pleas," and "the sentencing hearing may be the only source of information relating to merger." *Id*. at ¶ 19. The court further noted,

> [n]othing in Ohio's felony-statutes prohibits the litigation of merger at sentencing. To the contrary, R.C. 2929.19(B)(1) states that the trial court "shall consider * * * *any* information presented" by the defense or the prosecution at the sentencing hearing. (Emphasis added.) Further, R.C. 2929.19(A) allows the state and the defendant to "present information relevant to the imposition of sentence in the case." On appeal from a felony sentence, the reviewing court "shall review the record,' R.C. 2953.08(G)(2), which includes more than the evidence and arguments presented at trial. R.C. 2953.08(F)(3) provides that the record to be reviewed shall include "[a]ny oral or written statements made to or by the court at the sentencing hearing." *See also* App.R. 9(A) (defining what constitutes the "record on appeal in all cases"). (Emphasis sic.)

*Id*. at ¶ 20.

{¶14} However, the trial court is not required to conduct a full evidentiary hearing on remand. In *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.), this court explained that a trial court's determination of allied offenses does not need to be an involved process. Any allied offenses proceedings conducted by a trial court "does not have to involve long or complicated hearings or witnesses." *Id.* at ¶ 45.

Historically, merger of offenses has always been viewed as a part of the sentencing process. Thus, "the sentencing process is less exacting than the process of establishing guilt." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist), citing *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d

745 (1994). Therefore, this process can easily be satisfied by a brief recitation of facts or circumstances by the prosecutor to aid the trial court in its determination. Nothing more should be required.

*Id*. "An evidentiary hearing, while permissible in a trial court's discretion, is not required since merger of offenses is part of the sentencing process and is therefore not subject to the rules of evidence. Evid.R. 10[1](C)(3)." *State v. Whitaker*, 2013-Ohio-4434, 999 N.E.2d 278, ¶ 62 (12th Dist.).

{¶15} Accordingly, the trial court, in its discretion, can decide the scope of the allied offenses hearing. The underlying consideration is whether sufficient facts exist in the record or are presented by the parties to allow the court to make a determination whether the offenses are allied.

{¶16} In this case, the trial court considered arguments from both sides. In the court's discretion, it determined that having the victim testify at the allied offenses hearing was not necessary. The record before this court demonstrates that sufficient facts existed in the record and were presented at the hearing on remand to allow the court to make a determination that the offenses were not allied. Accordingly, a full evidentiary hearing was not required.

{¶17} We note that Garvin is not challenging on appeal the trial court's determination that the offenses were not allied. However, and assuming arguendo that the court was required to conduct a full evidentiary hearing, under our de novo review of

allied offenses, we find that Garvin's convictions of sexually battery and gross sexual imposition are not allied and do not merge.

{¶18} The facts contained in the record, specifically in the bill of particulars, and the recitation of facts at the allied offenses hearing on remand, indicate that Garvin's conduct was committed with a separate animus. His act of touching the victim's breasts, which constituted gross sexual imposition, was a separate act than that of the sexual battery offense where the victim was forced to perform oral sex on Garvin. The record supports that these acts occurred during two separate encounters.

{¶19} Accordingly, we find that the trial court did not err in failing to conduct a full evidentiary hearing on the issue of allied offenses. Garvin's first assignment of error is overruled.

## II. De Novo Resentencing

{¶20} In his second assignment of error, Garvin contends that the trial court acted contrary to law when it failed to conduct a de novo sentencing hearing.

{¶21} In *Garvin I*, this court did not vacate Garvin's sentence; rather, it remanded the case for the sole purpose of conducting a hearing to determine whether the offenses were allied. Moreover, on remand defense counsel admitted that he did not "think there needs to be a full resentencing hearing." Accordingly, the trial court was not required to conduct a new sentencing hearing. However, we do note that if the court found that the offenses were allied, it would have necessarily required Garvin to be resentenced.

{¶22} The assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR